IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANTIONE THOMAS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:22-CV-00030-JCB |
| v. | § § § | |
| MICHAEL J. WEST, DISTRICT ATTORNEY; UNKNOWN JACKSON, JUDGE, SMITH COUNTY; LARRY SMITH, SHERIFF, SMITH COUNTY; KURT NOEL, QUINCY BEAVERS, JUDGE, SMITH COUNTY; | § § § § § § | |
| Defendants. | | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Plaintiff Antione Thomas, a prisoner confined at the Ellis Unit proceeding pro se and *in forma pauperis*, brings this civil rights action related to his state criminal proceedings for violations of 42 U.S.C § 1983. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the reasons stated herein, the court **RECOMMENDS** that Plaintiff's claims be dismissed as either barred by judicial and prosecutorial immunity, currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or for failure to state a claim on which relief may be granted.

BACKGROUND

Plaintiff initially filed this action on January 26, 2022 while he was a pretrial detainee at the Smith County Jail. (Doc. No. 1.) He filed an amended complaint on February 18, 2022 (Doc. No. 8) and a more definite statement on March 23, 2022 (Doc. No. 16). Thereafter, Plaintiff was

1

convicted of the offense of aggravated assault with a deadly weapon in Smith County and, on April 6, 2022, he was sentenced to fifty years imprisonment. He is presently serving out his sentence at the Texas Department of Criminal Justice's ("TDCJ") Ellis Unit.

Here, where an amended complaint is filed, an amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986). Thus, the amended complaint shall be the operable complaint in this lawsuit. In his amended complaint, Plaintiff alleges a claim against Smith County Justice of the Peace Quincy Beavers for setting an excessive bond; a claim against Smith County Judge Reeve Jackson for judicial misconduct and denial of due process; a claim against court-appointed counsel Kurt Noel for violation of the Sixth Amendment and ineffective assistance of counsel; a claim against Smith County Sheriff Larry Smith for illegal detainment and being attacked by his jailor; and a claim against Michael West, the District Attorney, for malicious prosecution. (Doc. No. 8, at 3–4.) Plaintiff asks for twelve million dollars in relief and for his release. *Id.* at 4.

In his more definite statement, Plaintiff alleges that Jailor Shoemaker used force against him while Plaintiff was receiving an incorrect meal tray that contained pork. (Doc. No. 16.) Plaintiff contends that Shoemaker grabbed him by his t-shirt collar and pulled him into a gate in the Q-Tank. *Id.* Plaintiff alleges that during this incident he cut his thumb. *Id.*

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

2

*See* 28 U.S.C. § 1915A(b)(1). The language of this statute—as well as its sister statute, Section 1915(e)(2)(B)—"tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam).

A complaint fails to state a claim upon which relief may be granted when it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

3

## DISCUSSION

Plaintiff first asserts claims against Smith County Justice of the Peace, Quincy Beavers, and Smith County Judge Reeve Jackson for setting an excessive bond and for judicial misconduct, respectively. (Doc. No. 8.) Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, meaning that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221–22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))).

Here, none of the factually-plausible allegations related to actions by the state court judges reflect that the judges acted outside their judicial capacity. The claims against the judges should therefore be dismissed with prejudice. *See Price v. Lemmon*, 380 F. App'x 457 (5th Cir. 2010) (affirming dismissal with prejudice of claims on grounds of judicial immunity). Moreover, Plaintiff's allegation that Justice of the Peace Quincy Beaver set bail excessively high is simply that he gave Plaintiff an "excessive bond." (Doc. No. 8, at 4.) This allegation is conclusory at best and fails to state a claim. The Eighth Amendment's Excessive Bail Clause states that "[e]xcessive bail shall not be required." U.S. CONST. AMEND. VIII. But that amendment "says nothing about

whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). While the United States Supreme Court "has made clear that bail is excessive under the eighth amendment when set in an amount greater than that required for reasonable assurance of the presence of the defendant," *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) (citing *Salerno; Stack v. Boyle*, 342 U.S. 1 (1951)), "a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement." *Id.* (citing *Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978) (citations omitted)). Plaintiff fails to allege any facts that his bond was unconstitutionally excessive in violation of the Eighth Amendment. As such, Plaintiff's claim against Smith County Justice of the Peace Quincy Beavers should be dismissed with prejudice on grounds of judicial immunity and for failure to state a claim.

Similarly, Plaintiff's claim against Smith County Judge Reeve Jackson is simply for "judicial misconduct" for allowing attorney bias regarding a motion of Plaintiff's and for denial of due process in violation of the Sixth, Eighth, and Fourteenth Amendments. (Doc. No. 8, at 4.) Plaintiff does not elaborate on his conclusory allegations and therefore fails to state a plausible claim. As such, Plaintiff's claim against Smith County Judge Reeve Jackson should be dismissed with prejudice on grounds of judicial immunity and for failure to state a claim.

Next, Plaintiff alleges a claim against court-appointed counsel, Kurt Noel, for ineffective assistance of counsel in violation of the Sixth Amendment. (Doc. No. 8, at 3–4.) A civil rights claim based on factual allegations that are necessarily inconsistent with the validity of a conviction that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *See Heck*, 512 U.S. at 486–87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed,

5

expunged, invalidated, or otherwise called into question." (citation omitted)); *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." (citing *Heck*, 512 U.S. at 486)). Because Plaintiff fails to show that his conviction has been reversed, expunged, or otherwise declared invalid, a civil claim based on a theory that his criminal trial counsel was constitutionally ineffective is currently barred by *Heck*. *See, e.g., Mount v. Wakefield*, 738 F. App'x 280, 280–81 (5th Cir. 2018) (per curiam) (affirming dismissal of a § 1983 claim based on alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*). Accordingly, Plaintiff's claim against Kurt Noel for ineffective assistance of counsel should be dismissed with prejudice to it being asserted again until the *Heck* conditions are met. Moreover, the conduct of a private person, such as Defendant Noel, even as court-appointed counsel, does not qualify him as a state actor such that he could be subject to suit under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Thus, even if not barred by *Heck*, Plaintiff's claim against Defendant Noel for violations of the Sixth Amendment pursuant to § 1983 could not stand.

With respect to Defendant Smith County Sheriff Larry Smith, Plaintiff alleges that Defendant Smith illegally detained him and that one of Smith's jailors assaulted him. (Doc. No. 8, at 3–4.) Plaintiff's allegation that he was "illegally detained" is conclusory as his allegations contain no facts regarding his detention. As such, to the extent Plaintiff intended to assert a claim for violation of the Fourth Amendment against Defendant Smith, that claim should be dismissed for failure to state a claim. As to Plaintiff's allegations regarding assault by a jailor, Plaintiff

elaborated on the alleged incident in his more definite statement. (Doc. No. 16.) Specifically, Plaintiff alleges that that Jailor Shoemaker used force against him while Plaintiff was receiving an incorrect meal tray that contained pork. (Doc. No. 16.) Plaintiff contends that Shoemaker grabbed him by his t-shirt collar and pulled him into a gate in the Q-Tank. *Id.* Plaintiff alleges that during this incident he cut his thumb. *Id*

As an initial matter, Plaintiff has not alleged any personal involvement of Defendant Smith with respect to this incident. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"). As such, any claim for use of force against Defendant Smith should be dismissed for lack of personal involvement. *See Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant."). Moreover, Plaintiff has not named Jailor Shoemaker as a Defendant in this matter. However, even to the extent Plaintiff were to amend his complaint again to add Jailor Shoemaker as a Defendant, such an amendment would be futile.

In this case, Plaintiff has already once amended his complaint (Doc. No. 8), was put on notice of deficiencies regarding his use of force allegations against the jailor (Doc. No. 14), and was provided an opportunity to elaborate on those allegations to cure the deficiencies (Doc. No. 16). Plaintiff has only alleged that Jailor Shoemaker grabbed him by the t-shirt collar and that Plaintiff cut his thumb as a result. (Doc. No. 16.) In order for an excessive use of force claim to stand, "the force used and the injury must be more than *de minimis* and must be evaluated in the

7

context in which the force was deployed." *Wilson v. Buster*, 433 F. App'x 238, 240 (5th Cir. 2011). The Fifth Circuit examines five nonexclusive *Hudson* factors to help courts determine whether an excessive force claim is established: "(1) the extent of injury suffered by an inmate, (2) the need for application of force, (3) the relationship between that need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response." *Comeaux v. Sutton*, 496 F. App'x 368, 370 (5th Cir. 2012) (internal quotations omitted). However, the *Hudson* factors do not "affect the rule that requires proof of injury, albeit significant or insignificant." *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999) (citing *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). The Fifth Circuit has held several times that, "some physical injury is an indispensable element of an Eighth Amendment excessive force claim." *Gomez*, 163 F.3d at 923. While a minor, insignificant injury does not preclude the finding of an excessive force violation, the Fifth Circuit has repeatedly emphasized that an inmate must have suffered more than a de minimis injury. *See Gomez*, 163 F.3d at 923. Here, Plaintiff's alleged cut thumb is *de minimis*. Thus, even to the extent force was used in the cafeteria in the context alleged by Plaintiff, his claim is not actionable because the resulting injury is not alleged to be more than *de minimis*. *See, e.g., Rios v. McBain*, No. CIV.A. 5:04CV84, 2005 WL 1026023, at *4 (E.D. Tex. Mar. 21, 2005), report and recommendation adopted, No. CIV.A. 504CV84, 2005 WL 1026192 (E.D. Tex. Apr. 28, 2005) (finding that prisoner's slight swelling and abrasion to a finger, and some red marks on his neck and arm, were plainly *de minimis*).

Last, as to Plaintiff's claim for malicious prosecution against District Attorney Michael West, state prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420–24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to

8

prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), reversed in part on other grounds, 141 F. App'x 258 (5th Cir. 2005). However, state prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant. *See Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430–31)). Because Plaintiff alleges no specific facts to show that Smith County prosecutor Michael West acted outside of the scope of his prosecutorial duties, he has not overcome the absolute immunity that attaches to prosecutors acting within their jurisdiction. As such, his claims against Defendant Michael West should be dismissed with prejudice. Moreover, in *Castellano*, the Fifth Circuit foreclosed freestanding claims for violations of constitutional rights by engaging in malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003) (en banc). Plaintiff has not alleged any facts that support the violation of a specific constitutional right by Defendant West in connection with a malicious prosecution. For these reasons, Plaintiff's claims against Defendant West should be dismissed with prejudice.

As discussed, Plaintiff has already been provided an opportunity to amend his complaint and to file a more definite statement. Leave to amend is not required where an amendment would

be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). For the reasons stated above, a further amended complaint based on the facts underlying Plaintiff's current allegations would not survive a legal challenge under Rule 12(b)(6).

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The court further **RECOMMENDS** that Plaintiff's claims barred by *Heck* be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.

Within 14 days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 9th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE